FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 JUN 16 A 11: 22

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DANA LATAE KIAH,           *

    Plaintiff,          *

    v.                  *      CIVIL NO.: WDQ-10-2663

                        *

AMERICAN SUGAR REFINING, INC.,
                        *

    Defendant.          *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

MEMORANDUM OPINION

Dana Latae Kiah sued American Sugar Refining, Inc. ("American Sugar") for sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII").[1] For the following reasons, American Sugar's motion to dismiss will be denied.

I.   Background[2]

American Sugar manufactures sugar products and maintains a Baltimore refinery. Compl. ¶ 3. In January 2007, Kiah began working there as a temporary packaging clerk. *Id.* ¶ 5.[3] In September 2007, at the end of American Sugar's fiscal year, her job ended. *Id.* In January 2008, American Sugar re-offered her the position,

---

[1] 42 U.S.C. §§ 2000e *et seq.*

[2] For American Sugar's motion to dismiss, the well-pled allegations in the complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

[3] Kiah is 31 and completed two years of college. *See* Compl. ¶ 2; ECF No. 5, Ex. A.

which she accepted.  *Id.*  She worked overtime every week.  *See id.* ¶ 10.

In American Sugar's packaging department, only males hold management positions.  *Id.* ¶ 9.  Sometime between January and April 2008, Kiah applied for an open permanent packaging clerk position, which is a management job.  *See id.* ¶¶ 6, 9.  In April 2008, a male was hired for that job.  *Id.* ¶ 7.  Kiah, a temporary employee, was required to train him, and his performance was deficient.  *See id.*  Kiah later learned that she had not been hired because a supervisor had falsely accused her of having a criminal record.  *Id.* ¶ 8.

In September 2008, at the end of the fiscal year, Kiah's temporary job ended.  *Id.* ¶ 10.  She was not rehired.  *Id.* at 4.

In October 2008, Kiah called the Baltimore office of the Equal Employment Opportunity Commission (the "EEOC").  Kiah Decl. 2 ¶ 2.  She inquired about available relief.  *Id.*  She was told that she could complete an online or paper intake questionnaire which an EEOC official would review and interview her by telephone.  *Id.* ¶¶ 3-4.  Kiah was also told that if it appeared that she had been discriminated against, she would "have to come to the EEOC office and sign papers which would be prepared by the EEOC."  *Id.* ¶¶ 3-5.  Kiah was "not informed that [she] had to sign a charge of discrimination" within a certain time.  *Id.* ¶ 6.  That

2

month, she submitted an EEOC questionnaire online,[4] believing that the EEOC would use the information to prepare a "statement of charge" for her to sign. Kiah Decl. 1 ¶ 2.

The EEOC did not respond to Kiah's questionnaire. *Id.* ¶ 3. She called many numbers listed on the EEOC website and left messages. *Id.* No one returned her call. *Id.*

On January 6, 2009, Kiah "picked out a name" from the EEOC website and e-mailed Denise Bean, an EEOC Senior Federal Mediator. *Id.*; ECF No. 8, Ex. 2. Kiah explained that she had "filed a claim online some time ago[, but] never heard any response," had been unsuccessful in contacting EEOC officials, and "really need[ed] help" on how to proceed. *Id.* The next day, Bean replied with Kiah's charge number, which ends with an "N" (the "First Charge Number"). *Id.* The "N" means that the EEOC "considered the matter to be an inquiry, [not] a charge of discrimination." Kiel Decl. ¶ 3. Bean also told Kiah to call Nicole Chandler, another official. ECF No. 8, Ex. 2. Kiah called Chandler twice, received no answer, and left a message. *Id.*; Kiah Decl. 1 ¶ 5.

In January 2009, Kiah received a paper intake questionnaire identical to the October 2008 online version, and an accompanying letter. *Id.* ¶ 6; ECF No. 8 at 2-3. She "promptly" completed it

---

[4] Kiah has no copy. Kiah Decl. 1 ¶ 2.

3

and mailed it to the EEOC. Kiah Decl. 1 ¶ 6.[5] It appears that Kiah was assigned another charge number, also ending with an "N" (the "Second Charge Number"), because of this questionnaire.[6]

Sometime after submitting the second questionnaire, Kiah called the EEOC several times for a status update, "heard nothing," and moved. Kiah Decl. 1 ¶ 7; see ECF No. 8, Ex. 5.

In November 2009, Kiah began working for a company where, because she cannot work overtime, she earns significantly less than she did at American Sugar. Compl. ¶ 10.

In March or April 2010, Kiah began searching for an attorney. Kiah Decl. 2 ¶ 7. In April 2010, she hired the attorney who represents her in this case. See id.; ECF No. 8, Ex. 3.

On April 25, 2010, Kiah told Bean that she had been unable to obtain a status update and needed a right to sue letter. Id. The next day, Bean referred her to Monica Jackson. Id. On April 27, 2010, Kiah sent Jackson her First Charge Number and requested a right to sue letter. ECF No. 8, Ex. 4. They later

---

[5] Kiah has no copy. Kiah Decl. 1 ¶ 6. Kiah asserts that the EEOC "may have mailed a . . . notice of minimally sufficient charge [in connection with the First Charge Number]" to American Sugar at this time, and requests discovery on this issue. ECF No. 8 at 5. American Sugar asserts that the "EEOC did not notify [it of Kiah's allegations until after] June 14, 2010." ECF No. 10 at 6. As will be discussed in Part II.B and n.16, this dispute need not be resolved.

[6] ECF No. 8, Ex. 6 (Kiah's June 2, 2010 e-mail to an EEOC representative that she had been given the Second Charge Number at some point).

4

spoke by phone, and Kiah was asked to "search [her] own records for a copy of the completed questionnaire." Kiah Decl. 1 ¶ 7.

At the end of April or beginning of May 2010, Jackson or another official told Kiah that the EEOC had lost her completed questionnaires. Kiah Decl. 1 ¶ 10; see ECF No. 8, Ex. 6.

On May 10, 2010, Kiah e-mailed Jackson, stating that she "really need[ed her right to sue letter to] continue on with [the] process." ECF No. 8, Ex. 5. That day, Jackson replied that she was "still checking" for Kiah's paperwork, and Kiah should search her own belongings that remained packed after her move. Id. The next day, Kiah replied that she could find only the letter accompanying the January 2009 paper questionnaire. Id.[7]

On June 2, 2010, Bean suggested that Kiah contact Gerald Kiel, the Baltimore EEOC office's director and custodian of records. ECF No. 8, Ex. 6; Kiel Decl. ¶ 2. That day, Kiah e-mailed Kiel about her unsuccessful attempts to determine the status of her case. ECF No. 8, Ex. 6. She noted that the EEOC had lost her paperwork, and her attorney needed her right to sue letter. Id.

On June 14, 2010, Kiah filed a discrimination charge with the Maryland Commission on Human Relations, which the EEOC received that day. ECF No. 5, Ex. A. The charge is assigned the Second

---

[7] Kiah has lost this letter. ECF No. 8 at 3.

Charge Number without the "N." *Id.* On June 30, 2010, the EEOC issued Kiah a right to sue letter. Compl. ¶ 1.

On September 25, 2010, Kiah sued American Sugar under Title VII for sex discrimination. On October 20, 2010, American Sugar moved to dismiss or for summary judgment. ECF No. 5. On November 30, 2010, Kiah opposed that motion. ECF No. 8. On December 15, 2010, American Sugar filed its reply. ECF No. 10. On June 2, 2011, Kiah filed a surreply. ECF No. 14.

II. Analysis

  A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be

sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" the plaintiff is entitled to relief. *Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Id.* (citation and internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or

7

unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

B. American Sugar's Motion to Dismiss or for Summary Judgment

Kiah asserts that she timely exhausted her administrative remedies. Compl. ¶ 1.

1. Title VII Filing Requirements

A Maryland Title VII claimant must file a discrimination charge with the EEOC within 300 days of the alleged discrimination. *See* 42 U.S.C. § 2000e-5(e)(1); *Skipper v. Giant Food, Inc.*, 187 F. Supp. 2d 490, 492 (D. Md. 2002). An untimely charge means the claim is time-barred, and the complaint may be dismissed for failure to state a claim.[8] The filing of a timely EEOC charge is not a jurisdictional pre-requisite to suit, but "a requirement that, like a statute of limitations, is subject to . . . equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

2. The Parties' Arguments

In moving to dismiss, American Sugar asserts that Kiah filed her discrimination charge too late. ECF No. 5 at 1. The parties agree that because the alleged discrimination--hiring a male as permanent packaging clerk instead of Kiah--occurred in

---

[8] *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994); *Pantry Pride Enters., Inc. v. Glenlo Corp.*, 729 F.2d 963, 965 (4th Cir. 1984); *Aquino-Diggs v. Potter*, No. CCB-05-1325, 2006 WL 5402740, at *1 (D. Md. Mar. 9, 2006).

8

April 2008, she had until between January 26 and February 24, 2009 to file a charge. *See id.* at 3; ECF No. 14 at 2. She filed on June 14, 2010. ECF No. 5, Ex. A. Kiah asserts that the filing period should be equitably tolled because she relied on the EEOC's misinformation and consistently, unsuccessfully attempted to follow-up on her case. ECF No. 8 at 4.[9]

3. Equitable Tolling of the Filing Period

Equitable tolling is available in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In determining whether the filing period should be tolled, courts "should conduct a thorough examination of the facts." *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987). Tolling "might be warranted in cases involving bad advice from the governmental agency charged with enforcing discrimination complaints." *Poteat v. Mack Trucks Inc.*, No. 96-1437, 1997 WL 33117, at *4 (4th Cir. Jan. 28, 1997).

When an EEOC representative misleads a plaintiff concerning her charge, equitable tolling may be granted if the plaintiff:

---

[9] Kiah does not argue that either of the lost questionnaires is a charge. An EEOC intake questionnaire is a charge "if the document reasonably can be construed to request agency action and appropriate relief on the employee's behalf." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 404 (2008).

9

(1) diligently pursued her claim;
(2) was misinformed or misled by the administrative agency responsible for processing her charge;
(3) relied on the misinformation or misrepresentations of that agency, causing her to fail to exhaust her administrative remedies; and
(4) was acting pro se.

*Walton v. Guidant Sales Corp.*, 417 F. Supp. 2d 719, 721 (D. Md. 2006) (citation and internal quotation marks omitted).

a. Diligent Pursuit

It appears that Kiah diligently pursued her sex discrimination claim. In October 2008, within the requisite filing period, she called the EEOC and completed the online questionnaire as instructed. Kiah Decl. 2 ¶¶ 2-3. When no one responded to it, she made several phone calls, left unreturned messages, and explained to a representative that she "really need[ed] help." Kiah Decl. 1 ¶ 3; ECF No. 8, Ex. 2 (Jan. 6, 2009 e-mail to Bean). She was referred to another official who did not answer her calls. Kiah Decl. 1 ¶ 5. In January 2009, she completed another questionnaire within the requisite filing period. *Id.* ¶ 6.[10] Although Kiah called the EEOC several times about her case status, no one responded. *Id.* ¶ 7. Thus, it does not appear that Kiah sat idle

---

[10] Although American Sugar asserts that the EEOC "has no records of having received that document," ECF No. 8 at 1-2, the Court infers that she submitted it because the Second Charge Number apparently assigned to that questionnaire matches the charge number assigned to Kiah's June 14, 2010 EEOC charge, ECF No. 5, Ex. A. Further, it is reasonable to infer that Kiah lost a copy of this questionnaire during her move.

10

during the limitations period.[11] Even after the filing period, Kiah continued to inquire about the progress of her case until at least June 2, 2010,[12] when she was finally referred to Kiel, and submitted a discrimination charge less than two weeks later on June 14. ECF No. 8, Ex. 6; ECF No. 5, Ex. A.

      b. Misinformation

It also seems that the EEOC continuously misinformed Kiah about its administrative process. When Kiah called the agency in October 2008, she was told that an official would review her questionnaire responses and contact her for an interview, and/or prepare charging documents that she would have to sign at the office. Kiah Decl. 1 ¶ 2; Kiah Decl. 2 ¶¶ 4-5. Kiah avers that she was not informed that she had to file a discrimination charge within 300 days. *Id.* ¶ 6.

Further, the EEOC's responses to Kiah's April and May 2010 requests for a right to sue letter support her assertion that she was unaware that she had to file an official charge. *See*

---

[11] *See, e.g., Nadesan v. Tex. Oncology PA*, No. 2:10-CV-239-J, 2011 WL 147570, at *6 (N.D. Tex. Jan. 18, 2011) (plaintiff failed to show diligent pursuit because, *inter alia*, she did not assert that "she attempted to contact the EEOC after submitting her questionnaire to check on the status of her case").

[12] Kiah Decl. 1 ¶ 7 (averring that she "attempted to contact [the] EEOC by telephone a number of times [to] find out about progress in processing [her] claim, but heard nothing"); ECF No. 8, Ex. 3 (Apr. 25, 2010 e-mail to Bean); ECF No. 8, Exs. 4-5 (Apr. 27 and May 10, 2010 e-mails to Jackson); ECF No. 8, Ex. 6 (June 2, 2010 e-mail to Kiel).

ECF No. 8, Exs. 3-5. Kiah was told that the EEOC was "still checking" for her questionnaires, and she should also search her records. ECF No. 8, Ex. 5 (May 10, 2010 e-mail from Jackson). Thus, Kiah may have reasonably believed that once found, her questionnaires would be: (1) sufficient administrative exhausttion, and (2) used by the EEOC to prepare a charge for her signature. There is no indication that Kiah "purposely declined to follow" the EEOC's administrative procedures.[13]

 c. Reliance

It also appears that Kiah's reliance on the EEOC's misinformation caused her to miss the filing deadline. She has averred that she "was not informed that [she] had to sign a charge of discrimination within 300 days of the discriminatory act." Kiah Decl. 2 ¶ 6.[14] She has also averred that she "relied upon the EEOC to do what [she] had been informed the EEOC would do, namely prepare the document for [her] signature that would appropriately further [her] claim of discrimination." Id. This is consistent

---

[13] Atkinson-Bush v. Balt. Wash. Med. Ctr., Inc., No. L-10-2350, 2011 WL 2119042, at *2-*3 (D. Md. May 25, 2011) (dismissing employment discrimination claims for failure to exhaust administrative remedies; "the [Maryland Commission on Human Rights had informed the plaintiff], explicitly and on multiple occasions, of what she must do to file a charge[, and] that her decision not to do so meant that it would not pursue her case").

[14] See Walton, 417 F. Supp. 2d at 721 (because plaintiff "attest[ed] throughout that he knew [the date of the EEOC's filing] deadline," he "did not act in reliance on any alleged misrepresentation in missing" it (emphasis omitted)).

with her averments that she promptly completed the October 2008 and January 2009 questionnaires, presumably anticipating that the EEOC would complete its administrative process based on her responses. Kiah Decl. 1 ¶ 2, 6; Kiah Decl. 2 ¶ 2.

        d. Pro Se Status

Kiah was pro se during the limitations period. *Id.* ¶ 7. Only in March or April 2010 did she begin searching for representation, and she hired her current lawyer in April 2010. *Id.*; *see* ECF No. 8, Ex. 3.[15]

Accordingly, in light of Kiah's diligence, reliance on the EEOC's misinformation, and previous pro se status, equitable tolling of the filing period is warranted, and the Court will consider Kiah's June 14, 2010 charge timely.[16] American Sugar's motion to dismiss will be denied.

---

[15] *See, e.g., Marsteller v. Alex. Brown & Sons, Inc.*, No. Civ. 3:95CV147, 1995 WL 795679, at *2 (E.D. Va. May 11, 1995) (that plaintiff was represented during the filing period "underscore[d the court's] determination that [he had] failed to establish a sufficient reason for not filing charges with the EEOC in a timely fashion").

[16] Thus, the parties' dispute about whether the EEOC mailed American Sugar a minimally sufficient discrimination charge in 2009 need not be resolved.

III. Conclusion

For the reasons stated above, American Sugar's motion to dismiss will be denied.

6/15/11
Date

William D. Quarles, Jr.
United States District Judge